IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |  |
|---|---|---|
| GARY DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:00-cv-00723-JO |
| v. | ) | |
| | ) | OPINION AND ORDER |
| KMART CORPORATION, a Michigan | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

JONES, J.,

Plaintiff, Dunn, moves to reopen his personal injury case against Kmart. I deny plaintiff's motion to reopen due to an unreasonable delay causing actual prejudice to the defendant and, *sua sponte* issue an order dismissing the case.

### FACTS AND PRIOR PROCEEDINGS

Plaintiff Gary Dunn, an employee of Knight Transportation, was injured on April 22, 1998 while unloading a trailer of Kmart containers at a Kmart store in Beaverton, Oregon. On April 18, 2000, he filed this personal injury suit against Kmart in state court, and on May 30, 2000, Kmart removed the case to federal court. At the same time, he initiated a worker's compensation action against Knight Transportation. Knight agreed to indemnify Kmart and hold Kmart harmless against any claims, including those arising from Kmart's own negligence. In both cases, plaintiff was represented by attorney James Crane ("Crane"). In January, 2002, Kmart filed a petition for

1- OPINION AND ORDER

bankruptcy protection, administratively staying the case. In 2004, Kmart's bankruptcy trustee gave plaintiff permission to pursue resolution of the personal injury suit. Starting in 2005, Kmart's attorneys sent letters to Crane, with no response. During this time, Crane corresponded with Knight's counsel in hopes of reaching a global settlement to resolve plaintiff's worker's compensation claim with Knight, as well as his personal injury claim with Kmart. In 2008, Kmart again wrote an email and left a voice mail for Crane, with no response. In 2009, Crane and Knight's attorney's discussed a global settlement. Crane spoke directly with Kmart's attorneys for the first time in 2010, asking who represented Kmart in the personal injury proceedings. Crane explained to Kmart's attorneys that plaintiff was physically unstable for the first decade of 2000, and wanted to wait until his condition stabilized and his worker's compensation case resolved before renewing the personal injury litigation with Kmart. Following significant negotiations between Knight's attorney and Crane, plaintiff settled his worker's compensation case in December 2012, without reaching a global settlement. On December 18, 2012, Crane suffered a personal loss when a car hit and killed his daughter, and he did no substantive work for several months. More than two years later, plaintiff, now represented by Lafky & Lafky, officially filed this motion to reopen the case against Kmart on February 9, 2015. Plaintiff's new attorneys have not moved to substitute for Crane in this case. In response to plaintiff's motion to reopen, Kmart has not submitted a motion to dismiss, it only asks for a denial of plaintiff's motion to reopen. I construe Kmart's opposition to plaintiff's motion to reopen as a motion to dismiss for lack of prosecution.

## LEGAL STANDARD

It is within the inherent power of the court to *sua sponte* dismiss a case for lack of prosecution. *Link v. Wabash*, 370 U.S. 626, 630 (1962). In order to rule on a motion to dismiss

2- OPINION AND ORDER

for inactivity, a district court weighs the following factors: [1] the court's need to manage its docket, [2] the public interest in expeditious resolution of litigation, [3] the risk of prejudice to defendants from delay, [4] the policy favoring disposition of cases on their merits, and [5] the availability of less drastic sanctions. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991). Because dismissal is a harsh penalty, only "unreasonable" delay will support a dismissal for lack of prosecution. *Nealey v. Transportation Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir.1980). "Unreasonable delay creates a presumption of injury." *Alexander v. Pacific Maritime Association*, 434 F.2d 281, 283 (9th Cir. 1970). Further, "whether actual prejudice exists may be an important factor in deciding whether a given delay is 'unreasonable.' " *Citizens Utilities Company v. American Telephone & Telegraph Company*, 595 F.2d 1171, 1174 (9th Cir. 1979). Neither delay nor prejudice can be viewed in isolation. *Nealey*, 662 F.2d at 1280. Thus, in this case, the court must look to whether plaintiff's delay was unreasonable by deciding whether actual prejudice exists for Kmart.

## DISCUSSION

Plaintiff contends that his confusion over who represents Kmart, his extensive communications with Knight between 2002 and 2012, and the personal loss suffered by his attorney excuse his inactivity in prosecuting this case. Conversely, Kmart alleges that the 17 year delay, the lack of material evidence, and actual prejudice warrant a denial of plaintiff's motion to reopen. Although Kmart has not filed a motion to dismiss, this court has the power to do so *sua sponte*, if it decides that plaintiff's delay was unreasonable and would cause actual prejudice to Kmart.

3- OPINION AND ORDER

## I. Plaintiff Claims He Did Not Know Who Represented Kmart in the Personal Injury Suit

Plaintiff alleges he did not know who represented Kmart in the personal injury suit and that lack of knowledge caused his delay.   During the course of litigation, Kmart has been represented by two law firms: Schwabe Williamson & Wyatt ("Schwabe") and Harrang Long Gary Ridnick PC ("HLGR").   Schwabe represented Kmart for four months at the inception of the case.   HLGR substituted for Schwabe in September, 2000 (#6) and has been counsel of record since that time.   In 2005 and 2008, HLGR sent numerous to letters and left voice mails with plaintiff's attorney, Crane, in 2005 and 2008 inquiring as to the status of the personal injury case. In 2010, Crane called HLGR asking who represented Kmart in the personal injury suit.   When plaintiff sought to reopen this case, rather than contact counsel of record, he searched the Oregon Secretary of State's website for corporate data, and served Kmart's registered agent, CT Corporation System, located in Salem, Oregon.   In response to the motion, both Schwabe and HLGR responded. Plaintiff contends that receiving two responses confused plaintiff and caused delay.   However, plaintiff received notice in 2000 of HLGR's substitution for Schwabe and HLGR has been counsel of record since that date.   All plaintiff needed to do in this case was look at the public electronic case file to determine who represented Kmart in this litigation.   The evidence does not support plaintiff's confusion.

### A. Unreasonable Delay

Plaintiff alleges he wanted to wait until his condition stabilized and the worker's compensation issues resolved before renewing litigation on the personal injury suit with Kmart. Kmart contends this delay is unreasonable.   Whether the court looks at the 17 years since the accident or the two years of inactivity after the worker's compensation settlement to determine whether the plaintiff's delay was reasonable, the outcome would be the same.   Plaintiff's

inactivity qualifies as unreasonable. The Ninth Circuit has held that as little as a 60-day delay can be unreasonable and create actual prejudice to a defendant. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). In *Yourish*, the Ninth Circuit affirmed the district court's finding that its interest in managing its docket favored dismissal because plaintiffs' failure to amend its complaint caused "the action to come to a complete halt". *Yourish*, 191 F.3d at 990. Here, the two years of inactivity created an analogous halt to the personal injury proceedings with Kmart. Plaintiff contends that he actively sought resolution in this matter through his pursuit of a global resolution. However, the inactivity of the plaintiff after discovering in December, 2010 that Knight had no intention of settling the issue globally, illustrates the contrary. It has been over two years since the possibility of a global resolution dissolved, and plaintiff took no action. This delay is unreasonable.

### B. Actual Prejudice

Kmart contends actual prejudice exists. Because this accident occurred 17 years ago, Kmart argues its employees who loaded the trailer have no way to remember the details of that day. Further, while Kmart deposed plaintiff, plaintiff did not take any depositions. Thus, plaintiff's sworn testimony is the only evidence that can be relied upon to refresh old memories. Kmart contends, "Plaintiff will be the only witness to claim an actual memory of what happened on April 22, 1998 when he unloaded the trailer. His version of the events, uncontested due to the passage of time and loss of memories, will be afforded greater weight than it deserves."(#38, p. 4). Further, Kmart never examined plaintiff with its own medical examiner, and can only rely on examinations done by Knight in the workers compensation case. Decisions regarding prejudice frequently focus on loss of evidence and memory. See, *In re PPA*, 460 F.3d 1217, 1228 (9th Cir. 2006), *Wang v. City & Cnty. of San Francisco*, No. 14 CV 03501 SC, 2015 WL 1006679, at 2

(N.D. Cal. Mar. 6, 2015). Here, Kmart alleges that both loss of evidence and memory unfairly prejudice Kmart.

Decisions regarding fault become more difficult to determine with the passage of time because "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). In *Pagtalunan*, the Ninth Circuit found plaintiff's failure to pursue his case for almost four months weighs in favor of dismissal. Here, Kmart would be unfairly prejudiced in a trial today because the injury occurred 17 years ago, those who loaded the trailer presumably have no present recollection from the event, and plaintiff took no depositions so there is no recorded testimony memorializing the memories of those who loaded the trailer. Furthermore, although plaintiff contends that plaintiff had sufficient medical examinations, Knights interest in the worker's compensation case and Kmart's interest in the personal injury case are not the same. Finally, the case remained dormant for two years after plaintiff settled his worker's compensation suit in 2012. Although plaintiff alleges no actual prejudice exists for Kmart, both loss of evidence and memory adversely prejudice the defense in this case.

### C. Availability of Less Drastic Sanctions and The Policy Favoring Disposition of Cases on Their Merits

Courts prefer to impose measures less drastic than dismissal of the law suit, such as warnings and discussions. *Henderson v. Duncan,* 779 F.2d 1421 (9th Cir. 1986); *Townsend v. KellerWilliams Realty, Inc.*, No. CIV. 05CV1697 L(JMA), 2008 WL 2224527, 1 (S.D. Cal. May 29, 2008). In this case, the issue presents itself in a motion to reopen the case, rather than the typical posture where a pending case may be dismissed. The court gave plaintiff ample opportunities through replies and sur-replies to show good cause for why the case should be reopened despite plaintiff's delay. Plaintiff presented no good cause to justify his inaction.

Generally, courts favor the disposition of cases on their merits. *Morris*, 942 F.2d at 652. It is the responsibility of the moving party to move towards that disposition at a reasonable pace. *Morris*, 942 F.2d at 652. Plaintiff's inactivity years after the alleged injury is not a reasonable pace, and the case shall not be reopened.

### CONCLUSION- Dismissal

I have the authority to dismiss *sua sponte* cases that have remained dormant due to inactivity of the moving party. *Link v. Wabash*, 370 U.S. 626, 630 (1962). To do so, I weigh the five factors laid out in *Morris v. Morgan Stanley & Co.*, supra at 651: [1] the court's need to manage its docket, [2] the public interest in expeditious resolution of litigation, [3] the risk of prejudice to defendants from delay, [4] the policy favoring disposition of cases on their merits, and [5] the availability of less drastic sanctions. Upon weighing the five factors, I find plaintiff's delay causes actual prejudice to Kmart and is thus unreasonable. Plaintiff's motion to reopen *Dunn v. Kmart* (Case No. 3:00-cv-00723-JO) is DENIED. Any other pending motions are DENIED as moot.

Dated this 17th day of August, 2015.

_____
Robert E. Jones, Senior Judge
United States District Court